IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL SWANSON,

                           Petitioner,                          ORDER

    v.

                                                                10-cv-556-wmc

ROBERT WERLINGER, Warden,
Federal Correctional Institution – Oxford,

                           Respondent.

---

      Petitioner Michael Swanson seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 from his 22 year sentence for aggravated bank robbery entered on May 13, 2002. *See United States v. Swanson*, 00-cr-30018 (C.D. Ill.). Swanson argues that District Judge Jeane E. Scott enhanced his sentence by improperly applying the guideline for "career offenders." U.S. SENTENCING GUIDELINES § 4B1.1.

      In 2011, this court dismissed Swanson's similar petition *sua sponte*, concluding that the type of error presented was not actionable under § 2241. Alternatively, the court found that Swanson was not entitled to relief because the sentence imposed did not exceed the statutory maximum for aggravated bank robbery under 18 U.S.C. § 2113(d). The United States Court of Appeals vacated that dismissal order and remanded this case for reconsideration under *Brown v. Rios*, 696 F.3d 638 (7th Cir. 2012). Since that time, the government filed a response to the petition and Swanson filed a reply. After considering all of the pleadings in the record, the petition will now be dismissed for reasons set forth below.

FACTS

The following facts are taken from the pleadings and the electronic docket in Swanson's underlying criminal proceeding:

In 2001, a jury in the United States District Court for the Central District of Illinois found Swanson guilty as charged of aggravated bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). On May 3, 2002, Judge Scott determined that Swanson was a "career offender" under the then-mandatory sentencing guidelines. *See* U.S.S.G. § 4B1.1.[1] Specifically, the district court found that Swanson had at least two prior felony convictions from Illinois, one for "unlawful restraint" and the other for "aggravated battery," which qualified as a "crime of violence."

A "crime of violence" is defined in the career-offender guideline to mean "any offense under federal or state law, punishable by imprisonment for a term exceeding one year," that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; or (2) "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). At sentencing, Swanson objected that his prior Illinois conviction for unlawful restraint could not serve as a predicate for the career-offender enhancement because the offense did not meet the

---

[1] A defendant is a career offender, and subject to an enhanced sentence under U.S.S.G. § 4B1.1(a), if the following criteria are met: "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

2

guideline definition. The district court looked at the charging document in the underlying state court case, which disclosed that Swanson "knowingly and without legal authority detained [the victim] in that [he] repeatedly grabbed [the victim] by her arms and detained her . . . for approximately two hours." Finding that Swanson plainly used force to detain the victim, the district court held that the conviction met the definition found in § 4B1.2(a)(1) and applied the career-offender enhancement. The district court ultimately sentenced Swanson just above the lowest end of the enhanced guideline range -- 264 months in prison.[2]

On direct appeal, Swanson maintained that his prior Illinois conviction for unlawful restraint did not constitute a crime of violence. He argued, therefore, that his sentence was enhanced in error under the career-offender guideline. Considering the issue *de novo,* the Seventh Circuit found that Swanson's sentence was proper for reasons that differed from the district court. In particular, the Seventh Circuit concluded that the offense plainly presented "a serious risk of physical injury to another" for purposes of the residual "catchall" provision found in U.S.S.G. § 4B1.2(a)(2), rather than § 4B1.2(a)(1).

As for the latter provision, the Seventh Circuit explained:

> Illinois defines the crime of unlawful restraint as follows: "[a] person commits the offense of unlawful restraint when he knowingly without legal

---

[2] Without the enhancement under the career-offender guideline found at U.S.S.G. § 4B1.1, Swanson's offense level was 28. Since his criminal history category was V, he would have faced a range of 130-162 months' imprisonment. As a result of the career-offender enhancement, Swanson's offense level increased from 28 to 34 and his criminal history category was VI. Thus, Swanson faced a range of 262-300 months' imprisonment under the guidelines.

3

authority detains another." 720 ILCS 5/10-3. Although in many cases, if not most we think, physical force or threatened force will be used in order to restrain the victim's movement, the Illinois courts have stated that "[a]ctual or physical force is not a necessary element of unlawful restraint as long as an individual's freedom of locomotion is impaired." *People v. Bowen*, 241 Ill. App. 3d 608, 182 Ill. Dec. 43, 609 N.E.2d 346, 361 (Ill. App. Ct. 1993). Because the Illinois unlawful restraint statute does not have as a necessary element the use or threatened use of physical force, Swanson's unlawful restraint conviction does not qualify as a crime of violence under subsection one of § 4B1.2(a).

*United States v. Swanson*, 55 F. App'x 761, 762-63, 2003 WL 77201, **1-2 (7th Cir. Jan. 7, 2003) (unpublished).

The Seventh Circuit nevertheless went on to hold that:

> Swanson's offense involved conduct that, by its nature, presented a serious risk of physical injury to another, and thus qualifies under subsection two of § 4B1.2(a). Under subsection two, a federal court is not confined to the minimum conduct that would create an offense under the applicable statute; it also may look to the face of the charging document. *United States v. Shannon*, 110 F.3d 382, 384, 387 (7th Cir. 1997). The commentary to § 4B1.2(a) explains that a "crime of violence" includes any offense for which "the conduct set forth (*i.e.*, expressly charged) in the count of which the defendant was convicted . . . by its nature, presented a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a), comment. (n.1).
> 
> * * * *
> 
> Here, the information to which Swanson pleaded guilty in state court demonstrates that he used physical force to restrain his victim and that his conduct involved a serious potential risk of injury. The information charged that Swanson "knowingly and without legal authority detained Yolanda Combs in that the defendant repeatedly grabbed Yolanda Combs by her arms and detained her on County Road 1000 E approximately 1/2 mile from County Road 700 N for approximately two hours." Swanson argues that "grabbing" someone by their arms does not necessarily imply force. To the contrary, he asserts, the charge reasonably could be interpreted as meaning that Swanson grabbed Combs and asked her not to leave in a "soothing manner." We disagree. The word "grab" connotes forcefulness. As the

4

> government points out, "to grab" is commonly defined as "to take or seize by or as if by a sudden motion or grasp." Merriam-Webster's Collegiate Dictionary 505 (10th ed. 1999). In this case, Swanson's repeated grabbing of Combs was sufficiently forceful to prevent her escape for two hours, and accordingly, presented a serious potential risk of injury to Combs.

*Swanson*, 55 F. App'x at 763.

Rather than appealing this holding further by pursuing a direct petition for review with the United States Supreme Court, Swanson returned to the district court seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Swanson argued that he was denied (1) due process when the government advanced new grounds on appeal to support his sentence under the career-offender guideline; and (2) effective assistance of counsel in connection with his appeal. The sentencing court found no merit in either claim. *See Swanson v. United States*, 04-cv-3102 (C.D. Ill. Dec. 13, 2004). The Seventh Circuit subsequently denied Swanson's application for a certificate of appealability. *See Swanson v. United States*, No. 05-1576 (7th Cir. June 24, 2005).

Swanson again declined to seek a writ of certiorari challenging the denial of his § 2255 motion, but did file more than one unsuccessful motion for reconsideration and made several attempts to obtain authorization to file a successive motion under § 2255. *See Swanson v. United States*, No. 08-3494 (7th Cir. Oct. 20, 2008) (denying authorization to file a successive collateral attack under § 2255); *Swanson v. United States*, No. 10-1461 (7th Cir. March 5, 2010) (same).

Swanson now renews his petition for a writ of habeas corpus under 28 U.S.C. § 2241, arguing once again that his sentence under the career-offender guideline is not

valid. According to his pending petition and supporting memorandum, Swanson seeks relief because neither his prior conviction for unlawful restraint nor his conviction for aggravated battery constitutes a crime of violence. He reasons, therefore, that he is "actual[ly] innocent" of being a career offender under U.S.S.G. § 4B1.1.

OPINION

While Swanson purports to seek judicial review of his criminal conviction and sentence under 28 U.S.C. § 2241(c)(3), which authorizes a writ of habeas corpus where a prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States," review under § 2241 is typically reserved for attacking the execution, not the imposition, of a sentence. *See Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003). In contrast, 28 U.S.C. § 2255 is the "exclusive means" for a federal prisoner to attack the validity of his conviction or sentence as it was imposed. *Hill v. Werlinger*, 695 F.3d 644, 647 (7th Cir. 2012); *see also Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992) (comparing the remedies available under §§ 2241, 2255).

Because Swanson argues that his current sentence should be set aside or vacated, his petition is governed by § 2255. *See Hill*, 695 F.3d at 647. As a rule, motions of this kind must be filed with the sentencing court. *See* 28 U.S.C. § 2255(a); *Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999). In a "narrow class of cases," a federal prisoner *may* proceed under § 2241, but only if he can show that his claims fit within the "savings clause" found in 28 U.S.C. § 2255(e). *Hill*, 695 F.3d at 648; *Kramer*, 347 F.3d

at 217 (citation omitted). To fit within that narrow exception, however, a prisoner must show that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." *Id.*

To meet this burden of proof, a habeas petitioner must satisfy three conditions. First, the prisoner must show that he relies on a judicial decision in a "statutory-interpretation case," rather than a "constitutional case." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). Second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion. *Id.* Third, the prisoner must demonstrate that there was "a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Id.*; *see also In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998) (requiring "a fundamental defect in his conviction or sentence").[3]

Here, Swanson relies primarily on *Begay v. United States*, 553 U.S. 137, 148 (2008), and its progeny to meet (or be relieved of) his burden. In *Begay*, the Supreme Court clarified that a prior felony conviction for driving under the influence did not meet the definition of "violent felony" for purposes of enhancing a sentence under the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e)(2)(B). In doing so, the Court noted that the category of crimes listed in the statutory catchall definition (burglary of a dwelling, arson, extortion) "all typically involve purposeful, violent, and aggressive

---

[3] Where a sentence enhancement is at issue, this third condition generally requires that the petitioner show that he is innocent of the criteria that resulted in the increased punishment. *Brown*, 696 F.3d at 640 (citing *Narvaez v. United States*, 674 F.3d 621, 623 (7th Cir. 2011)).

conduct; therefore, the term "violent felony" applied only to crimes that were "roughly similar" in kind, as well as the degree of risk posed in comparison to the category of crimes listed in the ACCA. *Begay*, 533 U.S. at 148. For example, in *Chambers v. United States*, 555 U.S. 122, 130 (2009), the Court extended *Begay*'s rational to hold that a prior conviction for "failure to report [for a term of imprisonment]" falls outside the scope of the ACCA's definition of violent felony and could not be used to enhance a sentence.

Both *Begay* and *Chambers* involve statutory-interpretation under the ACCA.[4] In addition, the Seventh Circuit has held that *Begay* and *Chambers* apply retroactively on collateral review. *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011); *see also United States v. Wyatt*, 672 F.3d 519, 523–24 (7th Cir. 2012) (noting the retroactivity of *Chambers* and *Begay*); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012) (applying *Begay* retroactively on collateral review). Thus, Swanson meets the first two conditions for habeas review under the savings clause found in § 2255(e). For reasons set forth briefly below, however, he cannot satisfy the third and final condition where either predicate conviction is concerned.

---

[4] The ACCA defines a "violent felony" in terms that are identical to the career-offender guideline's terminology for a "crime of violence" under § 4B1.2(a). In that respect, the ACCA defines a violent felony to mean "any crime punishable by imprisonment for a term exceeding one year . . . that — (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Because the definition for violent felony mimics the definition for a crime of violence found in the corresponding career-offender guideline, § 4B1.2(a), the Seventh Circuit treats these provisions as "interchangeable." *United States v. Templeton*, 543 F.3d 378, 380 (7th Cir. 2008); *see also United States v. Rosas*, 410 F.3d 332, 336-37 (7th Cir. 2005) (citations omitted).

      I.      **Prior Felony Conviction for Aggravated Battery**

Swanson contends for the first time in his habeas petition pursuant to § 2241 that his Illinois conviction for aggravated battery is not a crime of violence for purposes of the career-offender guideline. Because there was no controlling precedent to the contrary, Swanson could have challenged, but did not, the use of his Illinois aggravated-battery conviction as a predicate for the career-offender enhancement during his direct appeal. *See Hill*, 695 F.3d at 648-49. Likely, he did not because such an argument had little promise of success at the time of Swanson's offense. Then, the applicable Illinois statute provided that "a person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12-3(a). Such an offense rose to the level of "aggravated battery" if the assailant used a deadly weapon. 720 ILCS 5/12-4(b)(1). Moreover, in his underlying case (95-CF-2463), Swanson pled guilty to an amended information charging him with aggravated battery, "in that said defendant, in committing a Battery, in violation of 720 ILCS 5/12-3, without legal justification and by a deadly weapon, *intentionally caused serious bodily harm* to Jermaine Lee Ewing," in violation of 720 ILCS 5/12-4(b)(1). Dkt. # 46, Ex. A (emphasis added).

A conviction under this portion of the Illinois battery statute plainly requires proof that the defendant intentionally caused bodily harm, thereby entailing the necessary physical force for purposes of U.S.S.G. 4B1.2(a)(1). Accordingly, Swanson has

no basis to challenge the use of his Illinois aggravated battery conviction as a sentence enhancement under § 2241 because that claim falls outside the savings clause.

The claim is also without merit. Post-*Begay*, the Seventh Circuit has repeatedly recognized that an Illinois conviction for aggravated battery qualifies as a crime of violence as that term is defined under the guidelines. *See Hill*, 695 F.3d at 649-50 (citing *United States v. Rodriguez-Gomez*, 608 F.3d 969, 973-74 (7th Cir. 2010) (holding that prior Illinois conviction for aggravated battery based on simple battery causing bodily harm under first prong of the statute is a "crime of violence" warranting a sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii)); *United States v. Aviles-Solarzano*, 623 F.3d 470, 474 (7th Cir. 2010) (same); *De Leon Castellanos v. Holder*, 652 F.3d 762, 764-67 (7th Cir. 2011) (holding conviction for domestic battery causing bodily harm in violation of 720 ILCS 5/12–3.2(a)(1) qualifies as a "crime of violence" under 18 U.S.C. § 16(a)); *see also United States v. Lee*, 467 F. App'x 502, 503, 2012 WL 754033, *1 (7th Cir. 2012) (finding that an Illinois conviction for aggravated battery with a deadly weapon is a "crime of violence" that warranted an increased sentence under U.S.S.G. § 2K2.1(b)(6)(B)). Swanson does not show otherwise. Thus, his claim does not warrant relief.

II. **Prior Felony Conviction for Unlawful Restraint**

Swanson also cannot clear the third hurdle under the savings clause with respect to his second felony conviction for unlawful restraint. On direct appeal, Swanson

presented essentially the same challenge that he now seeks to raise in his pending habeas petition. The substance of this claim was not foreclosed by precedent during his direct appeal. As quoted above, the Seventh Circuit considered the claim at length and concluded that the offense of unlawful restraint presented a serious potential risk of physical injury to another for purposes of the catchall provision found in U.S.S.G. § 4B1.2(a)(2). *United States v. Swanson*, 55 F. App'x 761, 762-63, 2003 WL 77201, **1-2 (7th Cir. Jan. 7, 2003). None of the subsequent decisions upon which Swanson would now rely produces a different result.

After Swanson's appeal was decided in January 2003, the Seventh Circuit again held that an Illinois conviction for unlawful restraint was a "crime of violence" for purpose of enhancing a sentence under the career-offender guideline. *See United States v. Wallace*, 326 F.3d 881, 886-87 (7th Cir. 2003) (observing that detaining a person against his will involves a substantial risk of force, "whether it be in the initial restraint or the possible resulting confrontation between assailant and victim if the victim attempts to leave"). Like *Swanson*, the *Wallace* decision remains good law. In *United States v. Capler*, 636 F.3d 321 (7th Cir. 2011), the Seventh Circuit reaffirmed *Wallace,* concluding post-*Begay* and post-*Chambers*, that unlawful restraint and the analogous offense of false imprisonment are "categorically violent" for purposes of the career-offender guideline enhancement. *Id*. at 324-29.

For all these reasons, Swanson cannot prevail on his quest for relief under § 2241.

ORDER

IT IS ORDERED that Michael Swanson's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED and his pending motions for a ruling on that petition are DENIED AS MOOT.

Entered this 17th day of January, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge